**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
_____

YAN ZHANG,

        Plaintiff,

v.                       **MEMORANDUM OF LAW & ORDER**
                              Civil File No. 06-2265 (MJD/AJB)

EQUITY OFFICE PROPERTIES TRUST,

        Defendant.
_____

Yan Zhang, pro se.

James R. Harries and David A. Orenstein, Parsinen Kaplan Rosberg & Gotlieb, Counsel for Defendant.
_____

## I. INTRODUCTION

This matter is before the Court on the award of attorney fees and costs to Defendant Equity Office Properties Trust.  The Court's January 3, 2007, Order denied Plaintiff Yan Zhang's Motion for Partial Summary Judgment, granted Defendant Equity Office Properties Trust's Motion for Summary Judgment or to Dismiss, and granted Defendant's Motion for Sanctions.  [Docket No. 65]  As Rule 11 sanctions for Zhang's litigation conduct, the Court awarded attorney fees and costs to Defendant.  The Court ordered Defendant to submit a detailed accounting of the attorney fees and costs incurred in this lawsuit.  Now that the Court has

1

received Defendant's accounting and Zhang's objections, it issues the following Memorandum of Law and Order.

## II.     STANDARD

The Court has already determined that the award of attorney fees and costs is appropriate under both Rule 11 and the Court's inherent power.  It must now determine whether Defendant's requested fees and costs are reasonable.  See Landscape Props., Inc. v. Whisenhunt, 127 F.3d 678, 685 (8th Cir. 1997) ("Of course, [c]ompensatory sanctions under Rule 11 must be reasonable in amount.") (citation omitted).

## III.    ANALYSIS

The Court has reviewed Defendant's detailed billing records in this matter. The hourly rates charged by defense counsel are reasonable and in-line with local standards.  The amount of time that counsel spent defending this matter is also reasonable.  Defendant had to respond to a number of vague legal arguments, multiple attempts to amend the complaint, including an attempt by letter, Zhang's own motion for partial summary judgment, and discovery motions by Zhang. Additionally, Defendant had to prepare in-house counsel for an extensive deposition by Zhang.

The Court has reviewed Zhang's objections to the requested fees and costs and finds that they are without merit.  Time spent to respond to Zhang's own arguments and deposition notices was reasonable and necessary in defending this

litigation.  See Landscape Props., Inc., 127 F.3d at 685 ("We have little sympathy for the litigant who fires a big gun, and when the adversary returns fire, complains because he was only firing blanks.") (quoting Brandt v. Schal Assocs., Inc., 960 F.2d 640, 648 (7th Cir. 1992)).

The Court finds only two flaws in Defendant's request.  First, two time entries included in the invoices do not appear to be related to the current case.  On September 5, 2006, defense counsel billed $354.00 for "HEARING ON EVICTION ACTION; TRAVEL TO/FROM COURTHOUSE; ORDER WRIT OF EXECUTION."  There was no hearing on that date in this matter, and the entry appears to be related to a state court eviction action.  Similarly, on November 3, 2006, counsel billed $350.00 with the entry "OBTAIN LIEN AGAINST YAN ZHANG REAL ESTATE."  This entry also appears to be related to another action against Zhang.  Because there is an insufficient explanation of how those two entries relate to the litigation before this Court, the Court will subtract $704.00 from the otherwise reasonable attorney fees requested by Defendant.

Second, Defendant requests costs of $8,727.89.  This total includes $4,878.88 for the costs of Westlaw research.  The Court concludes that the amount of money spent on Westlaw research was reasonable and in-line with local standards.  Additionally, the amount of money spent on computer-aided research increased defense counsel's efficiency, lowering the amount of hours spent on legal research.  See Haroco v. Am. Nat'l Bank & Trust Co. of Chicago, 38

F.3d 1429, 1440-41 (7th Cir. 1994) ("The added cost of computerized research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching."). However, the Court cannot award these costs to Defendant, either as costs or attorney fees. The Eighth Circuit has held that "computer-aided research, like any other form of legal research, is a component of attorneys' fees and cannot be independently taxed as an item of cost in addition to the attorneys' fee award." Leftwich v. Harris-Stowe State Coll., 702 F.2d 686, 695 (8th Cir. 1983). "[T]he law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award." Standley v. Chilhowee R-IV Sch. Dist., 5 F.3d 319, 325 (8th Cir. 1993). But see Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258 (9th Cir. 2006) ("No other circuit has endorsed [the Eighth Circuit's] view, and many have expressly held that computerized research costs can, in appropriate circumstances, be recovered in addition to the hourly rates of attorneys."). Thus, although the Court concludes that the amount of money spent on Westlaw research was reasonable, it cannot award the $4,878.88 spent on computer-aided research as costs or additional fees.

As to the remainder of Defendant's submissions, the Court has reviewed each billing and cost entry and finds that each is sufficiently detailed and reasonable.

Accordingly, based upon the records, proceedings, and files herein, **IT IS HEREBY ORDERED** that:

Defendant Equity Office Properties Trust is awarded reasonable attorney fees and costs in the amount of sixty-three thousand eighty-two dollars and one cent ($63,082.01).


Dated: February 27, 2007                        s / Michael J. Davis
                                                Judge Michael J. Davis
                                                United States District Court