**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
_____

YAN ZHANG,

       Plaintiff,

v.                                **ORDER**
                                 Civil File No. 06-2265 (MJD/AJB)

EQUITY OFFICE PROPERTIES TRUST,

       Defendant.
_____

Yan Zhang, pro se.

James R. Harries and David A. Orenstein, Parsinen Kaplan Rosberg & Gotlieb, Counsel for Defendant.
_____

## I.   INTRODUCTION

This matter is before the Court on Plaintiff Yan Zhang's Motion for Reopening the Time to File an Appeal Under Federal Rules of Appellate Procedure Rule 4(a)(6).  [Docket No. 83]

## II.   BACKGROUND

On January 3, 2007, this Court entered an Order [Docket No. 65] denying Zhang's Motion for Partial Summary Judgment [Docket No. 7], granting Defendant Equity Office Properties Trust's Motion for Summary Judgment or to Dismiss [Docket No. 18], and granting Defendant's Motion for Sanctions [Docket

1

No. 36]. Judgment was entered on January 4, 2007. [Docket No. 66] Zhang then filed a letter request to file a motion for reconsideration [Docket No. 69]. On February 21, 2007, the Court denied his request. [Docket No. 74] On February 27, 2007, the Court entered an Order awarding attorney fees and costs to Defendant. [Docket No. 75] On March 13, 2007, Zhang filed a notice of appeal to the Eighth Circuit. [Docket No. 76]

On April 10, 2007, Zhang filed a Motion Under Federal Rule of Civil Procedure Rule 60(b) seeking relief from judgment. [Docket No. 79] On April 26, 2007, the Court denied Zhang's Motion. [Docket No. 82]

On May 24, 2007, Zhang filed the current Motion for Reopening the Time to File an Appeal Under Federal Rules of Appellate Procedure Rule 4(a)(6). [Docket No. 83] Zhang has filed an affidavit averring that the notice that he received of the Court's April 26 Order was insufficient. The copy of the Notice of Filing that Zhang has attached to his affidavit does correctly state that the Court's Order of April 26, 2007 [Docket No. 82] denied Zhang's Motion that was labeled Docket No. 79; however, the notice also refers to Docket No. 79 as a motion for reconsideration, when, in fact, it was a Motion Under Federal Rule of Civil Procedure 60(b).

In his Reply, Zhang states "under penalty of perjury" that he did receive a copy of the April 26 Order on or before May 8, 2007, but that he did not receive a correct Notice of Filing related to that Order. (Reply at 5, 5 n.7.) Zhang claims

2

that he was confused regarding when the April 26 Order was actually entered or filed, so he did not know when to appeal.

Because the Court's Order denying Zhang's Rule 60(b) motion was entered on April 26, 2007 and more than thirty days have passed but Zhang has not yet filed his Notice of Appeal to the Eighth Circuit, the time for his appeal has expired.  Fed. R. App. P. 4(a)(1) (providing that "notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered").  Zhang requests that the Court reopen the time for appeal and grant him an additional 14 days to file his Notice of Appeal.

## III.   DISCUSSION

### A.   Standard

Under Federal Rule of Appellate Procedure 4(a)(6),

[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

3

"The court has discretion to reopen the time to file an appeal only if all three conditions [of Federal Rule of Appellate Procedure 4(a)(6)] are satisfied." Am. Boat Co., Inc. v. Unknown Sunken Barge, 418 F.3d 910, 913 (8th Cir. 2005) (citation omitted).

### B.   Request to Reopen Time for Appeal of April 26, 2007 Order

Zhang asks that the Court reopen the time to appeal the Court's April 26, 2007 Order on the grounds that the April 26 Notice of Filing did not effectively notify him of the filing of the Court's Order denying his Rule 60(b) Motion.

Defendant opposes Zhang's motion.  It argues that the April 26 Notice provided adequate notice to Zhang.  First, the docket numbers on the April 26 Notice were higher than those on the February Notice of Filing Zhang received regarding the Court's denial of Zhang's Motion for Reconsideration.  Also, Zhang had recently filed a Rule 60(b) Motion, and the April 26 Notice referenced the correct docket number for that motion.

The Court concludes that it is without discretion to reopen the time for appeal of the April 26, 2007 Order because Zhang received adequate notice of the Order and did not file his motion to reopen within 7 days of receiving such notice.

Zhang admits that he received the Notice of Filing of the Court's Order stating that the Court denied his motion docketed as Docket No. 79 on April 26, 2007.  Although there could be some question regarding the adequacy of the Notice of Filing on the grounds that it incorrectly recounts the title of the motion

4

that the Court denied, the Court finds that Zhang did, overall, receive adequate notice because he also admits receiving a copy of the Court's actual April 26, 2007 Order denying his Motion Under Rule 60(b) upon his return to his home from a trip to China on May 8, 2007. The Court concludes that receipt of the Court's full Order denying Zhang's Rule 60(b) motion, in combination with the Notice of Filing citing the correct date of the Order and the correct docket number of the denied motion, was sufficient notice to Zhang. Because Zhang received notice of the Court's April 26, 2007 Order within 21 days after it was entered, the Court is without discretion to reopen the time for appeal.

Additionally, Zhang received a copy of the Court's signed Order denying his Motion Under Rule 60(b) by, at the latest, May 9, 2007, but he did not file his motion to reopen his time for appeal until May 24, 2007, which is more than 7 business days later. Thus, for this independent reason, the Court is without discretion to reopen the time for appeal.

    **C.**    **January 3, 2007 Order**

Defendant also argues that the Court should not reopen the time for appeal of the Court's January 3, 2007 Order. Zhang has not requested any relief with regard to the January 3 Order in the motion or filings currently before the Court. There are multiple independent reasons that the Court will not reopen the time for appeal with regard to its January 3 Order.

Defendant asserts that Zhang did raise this issue in an unsworn letter to the Court dated April 26, 2007.  The Court has not received a letter from Zhang bearing that date.  The Court did receive an April 20, 2007 letter from Zhang related to Zhang's Rule 60(b) Motion that mentions his assertion that he did not receive notice of the Court's entry of judgment in that matter, but does admit that he received a copy of the January 3 Order.  The April 20 letter has not been filed in this matter, is not a sworn affidavit, and only addresses Zhang's desire for oral argument on his Rule 60(b) motion, not the motion currently before the Court.

Zhang has now submitted an affidavit averring that he did not receive written Notice of Filing of the January 3 Order until May 24, 2007.  The Notice of Filing attached to the January 3 Order is correct and clear.  The CM/ECF docket states that "Notice will be delivered by other means to:" Zhang's mailing address as provided on the docket.  Zhang's affidavit is insufficient evidence to prove that he did not receive a timely Notice of Filing of the Court's January 3 Order.  See Arnold v. Wood, 238 F.3d 992, 995-96 (8th Cir. 2001) ("In the absence of reliable evidence to the contrary, we presume the accuracy of the district court clerk's docket entries.  See MacNeil v. State Realty Co. of Boston, Inc., 229 F.2d 358, 359 (1st Cir. 1956) ('It may perhaps be that an erroneous entry . . . was made by the clerk of the court below.  But we do not consider the affidavit of the appellant standing alone sufficient to outweigh the respect to be accorded in this court to the docket entries certified for appeal by the clerk of the District Court.'); cf. Ark.

6

Motor Coaches, Ltd., Inc. v. Comm'r of Internal Revenue, 198 F.2d 189, 191 (8th Cir. 1952) (explaining that the presumption of accuracy in favor of docket entries may be rebutted only by a stronger presumption such as the 'mailbox rule').")

Significantly, Zhang does not aver that he did not receive timely Notice of Filing of the January 4, 2007 Judgment, or the January 4 Judgment itself, which included the Court's holding in the January 3 Order, as well as a letter explaining that Federal Rule of Appellate Procedure 4(a) requires that an appeal be filed within 30 days after entry of the judgment or thirty days after entry of an order granting or denying a motion for reconsideration.  It was the entry of Judgment that triggered the 30-day time period for Zhang to appeal, and there is no admissible evidence that he did not receive notice of that Judgment.  This provides a separate basis for the Court's decision to not reopen the time to appeal the January 3 Order.

Furthermore, the Court addressed Zhang's motion for reconsideration on the merits; Zhang has not averred that he did not receive complete notice of the Court's February 21, 2007 Order on that motion; and Zhang's time to appeal ran from entry of that Order.

In any case, Zhang has not requested relief related to the January 3 Order in the motion currently before the Court, and "[a]n appeal from the denial of a Rule 60(b) motion does not raise the underlying judgment for [appellate] review but only the question of whether the district court abused its discretion in ruling

7

on the Rule 60(b) motion." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005).

For all these reasons, the Court will not reopen the time for appeal of the January 3, 2007 Order and January 4, 2007 Judgment

Accordingly, based upon the records, proceedings, and files herein, **IT IS HEREBY ORDERED** that:

> Plaintiff Yan Zhang's Motion for Reopening the Time to File an Appeal Under Federal Rules of Appellate Procedure Rule 4(a)(6) [Docket No. 83] is **DENIED**.

Dated: August 22, 2007            s / Michael J. Davis
                                  Judge Michael J. Davis
                                  United States District Court